UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Robert Addison Lamont Mays,<br><br>    Plaintiff,<br><br>v.<br><br>Credit One Bank, N.A.,<br><br>    Defendant. | Case No. 1:16-cv-1151<br><br>**COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Robert Addison Lamont Mays ("Robert"), is a natural person who resided in Indianapolis, Indiana, at all times relevant to this action.

2. Defendant, Credit One Bank, N.A. ("Credit One"), is a Nevada corporation that maintained its principal place of business in Las Vegas, Nevada, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. Within the past four years, Credit One began calling Robert on his cellular phone using an Automatic Telephone Dialing System ("ATDS").

6. Shortly after the calls began, Robert explained that Robert never had an account with Credit One and that Credit One called the wrong individual.

7. Robert never provided express consent for Credit One to call his telephone number.

8. Robert was the only customary user of his cellular phone.

9. Robert never consented for any third party to provide his telephone number to Credit One.

10. On multiple occasions, Robert communicated Robert's desire that Credit One cease calling Robert.

11. Despite these communications, Credit One continued to relentlessly call Robert on Robert's cellular phone using an ATDS, oftentimes multiple times per day.

12. Examples of these calls include, but are not limited to, June 12, 2015 (2+ calls), June 13. 2015 (4+ calls), July 1, 2015 (5+ calls), July 2, 2015 (5+ calls), July 3, 2015 (5+ calls), July 6, 2015 (3+ calls).

## APPLICABLE LAW

13. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

14. The TCPA defines an ATDS as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity

to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

16. A predictive dialer is an ATDS within the meaning of the TCPA.] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

17. The TCPA provides, in part:

   (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

      (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

         (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

         * * *

            (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

>  common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

18. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7999-8000, ¶ 72-73 (2015).

19. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Soppet*, 679 F.3d, at 641; *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

20. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7999-8000, ¶ 72 (2015).

21. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 12 above as if fully set forth herein.

23. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

24. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

25. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

26. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

27. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

28. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

29. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called.  *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

30. Defendant failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his express consent to Defendant to call those telephone numbers.

31. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

**[SIGNATURE ON FOLLOWING PAGE]**

RESPECTFULLY SUBMITTED,

Date: May 9, 2016                    By:     /s/ Jeffrey S. Hyslip
                                     One of Plaintiff's Attorneys

                                     Jeffrey S. Hyslip, Esq.
                                     Hyslip & Taylor, LLC LPA
                                     1100 W. Cermak Rd., Suite B410
                                     Chicago, IL  60608
                                     Phone: 312-380-6110
                                     Fax: 312-361-3509
                                     Email: jeffrey@lifetimedebtsolutions.com