# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT ADDISON LAMONT MAYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-01151-TWP-DML |
| | ) |
| CREDIT ONE BANK, N.A., | ) |
| TPUSA-FHCS, INC., | ) |
| FIRST CONTACT LLC, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO DISMISS AND ALTERNATIVE MOTION TO STAY

Before the Court is a Motion to Dismiss filed by Defendants Credit One Bank, N.A. ("Credit One") and First Contact LLC ("First Contact") (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (h)(3). (Filing No. 50.) On December 13, 2016, after receiving twenty-four unconsented, automated calls from the Defendants, Plaintiff Robert Addison Lamont Mays ("Mays") filed a Second Amended Complaint, alleging violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). (Filing No. 44.) Defendants move to dismiss Mays' TCPA claim for lack of standing. In the alternative, Defendants request that the Court stay litigation. For the following reasons, the Court **DENIES** the Motion to Dismiss and **DENIES** the alternative motion to stay litigation.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Mays as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

This case derives from Defendants contacting the wrong person through automated calls. At some point prior to mid-2015, Mays' father opened a credit card account with Credit One. It is unclear whether Mays' father listed Mays' cellphone number as a source of contact but, for approximately three weeks between June 12, 2015 and July 6, 2015, the Defendants used an Automatic Telephone Dialing System ("ATDS") to call Mays' cell phone twenty-four times. Mays informed Defendants that he did not maintain a Credit One account and that he was not the person Defendants sought to contact. Nonetheless, Defendants continued to contact Mays.

Mays filed an action in this court on May 9, 2016 and On December 13, 2016, filed a Second Amended Complaint (the operative complaint), asserting violation of the TCPA, which deems it unlawful:

> for any person within the United States, or any person outside the United States if the recipient is within the United States--to make any call (other than a call made for emergency purposes or made with the prior express *consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service….

47 U.S.C.A. § 227 (b)(1)(A)(iii) (emphasis added). Mays contends that he did not consent to Defendants contacting him and that the automated calls caused him to suffer emotional distress, as well as intruded upon his privacy. ([Filing No. 44](#).)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980).

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under [Rule 12(b)(1)], the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (internal citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (internal citation and quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## III. DISCUSSION

Defendants move to dismiss the Second Amended Complaint under Rule 12(b)(1), contending Mays lacks standing to assert a TCPA claim because Mays failed to allege any concrete and actual injury. In the alternative, Defendants request that the Court stay litigation until the United States Court of Appeals for the District of Columbia Circuit issues an order clarifying issues that are allegedly critical to this case. The Court addresses each motion in turn.

### A. 12(b)(1)

In support of their Motion to Dismiss, Defendants argue that Mays failed to establish Article III standing and, thus, the Court should dismiss the TCPA claim pursuant to Rule 12(b)(1). In order to satisfy the burden of proving Article III standing, Mays must establish: 1) an "injury in fact"; 2) a causal connection between the injury and the conduct complained of; and 3) that the injury will be "redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). These three elements are the "irreducible constitutional minimum of standing." *Id.* at 560. Mays has the burden to establish standing as an indispensable element of his case. *Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

3

The only issue before the Court is whether Mays suffered an "injury in fact" traceable to Defendants' use of the ATDS. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citations omitted).

Defendants rely on *Romero* when arguing that Mays asserts only a procedural violation, but failed to allege "a concrete and particularized" injury that would establish standing. *See Romero v. Dep't Stores Nat'l Bank*, 199 F. Supp. 3d 1256, 1260 (S.D. Cal. 2016) (ruling a "bare procedural violation, divorced from any concrete harm, does not satisfy the injury-in-fact requirement of Article III") (citation and quotation marks omitted). Defendants contend that a showing of "a concrete and particularized" injury required Mays to assert awareness of the twenty-four calls at the time they were made, that each call caused him to suffer an injury, and that the use of the ATDS caused Mays greater injury than if Defendants personally called his cellphone. *See Romero*, 199 F. Supp. 3d at 1263 (holding, Plaintiff lacked standing and did not suffer an injury in fact traceable to Defendants' violation of the TCPA, because Plaintiff did not offer any evidence "demonstrating that Defendants' use of an ATDS to dial her number caused her greater lost time, aggravation, and distress than she would have suffered had the calls she answered been dialed manually, which would not have violated the TCPA").

Contrary to the Southern District of California case that Defendants rely on, district courts within the Seventh Circuit have held that a violation of the TCPA, in and of itself, gives rise to a concrete injury under Article III. *See A.D. v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 WL 4417077, at *7 (N.D. Ill. Aug. 19, 2016) ("section 227 establishes substantive, not procedural, rights to be free from telemarketing calls consumers have not consented to receive. Both history

4

and the judgment of Congress suggest that violation of this substantive right is sufficient to constitute a concrete, *de facto* injury"); *Wilkes v. CareSource Mgmt. Grp. Co.*, No. 4:16-CV-038 JD, 2016 WL 7179298, at *3 (N.D. Ind. Dec. 9, 2016) (noting, "[o]f the district courts within the Seventh Circuit that have addressed this issue, all have held that a violation of the TCPA gives rise to a concrete injury under Article III").

The Court determines that, even if a violation of the TCPA does not alone give rise to a *de facto* injury, the Second Amended Complaint plainly alleges concrete and particularized injuries. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. Mays asserts that he suffered a particularized injury because Defendants' actions violated *his* right to privacy. (*See* [Filing No. 44 at 3](#).) The Second Amended Complaint also alleges that Mays suffered a concrete injury because the calls placed by Defendants caused Mays "emotional distress in the form of frustration, annoyance, aggravation and anxiety." *Id.*; *see also Spokeo*, 136 S. Ct. at 1548 ("Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be concrete. A 'concrete' injury must be '*de facto*'; that is, it must actually exist."). Accordingly, because Mays sufficiently alleged Article III standing, dismissal is inappropriate under Rule 12(b)(1). *See United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 651 (7th Cir. 2013) ("At the pleading stage Article III standing is something to be alleged, not proved").

**B. <u>Motion to Stay</u>**

In the alternative, Defendants ask the Court to stay the case management deadlines, as well as the trial date. Courts have the inherent power to issue a stay to promote efficiency and to save time and money for litigants. *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). When determining whether to stay litigation, courts consider the following three factors: 1)

5

the prejudice or tactical disadvantage to the non-moving party; 2) whether or not issues will be simplified by the decision in the other case; and 3) whether or not a stay will reduce the burden of litigation on a party. *Id.*

Defendants assert that an impending D.C. Circuit opinion on a declaratory ruling issued by the Federal Communications Commission ("FCC") will dictate the law that this Court should apply to Mays' claims. Specifically, the FCC concluded that: 1) telephone equipment constitutes an ATDS if it merely has the potential capacity to perform ATDS functions; 2) the statutory term "called party" under the TCPA means the "current subscriber," and not the "intended recipient of the call"; and 3) a safe harbor exemption for unintentionally calling the wrong person is limited to the first call. ([Filing No. 50-2 at 32](#); 71-72.) Defendants asks the Court stay this action until after the D.C. Circuit issues its opinion as the opinion may overrule the FCC's conclusions.

Despite Defendants' request, the Court declines to stay litigation because the issues before the D.C. Circuit are either immaterial to the claims alleged in the Second Amended Complaint or have already been adjudicated by the Seventh Circuit. Specifically, the issue of whether telephone equipment constitutes an ATDS if it merely has the potential capacity to perform ATDS functions is immaterial to the issues before the Court. Mays does not allege that Defendants used telephone equipment that has the *potential* to perform ATDS functions, but rather asserts that Defendants in fact used an *actual* ATDS when placing calls to his cellphone. The Court also notes that the Seventh Circuit addressed the final two issues before the D.C. Circuit. Namely, that the statutory term "called party" under the TCPA "means the person subscribing to the called number at the time the call is made", rather than the "intended recipient." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012). In *Soppet*, the Court also addressed the "safe harbor" issue when concluding that consent to contact a cell phone number lapses when the number is reassigned

6

and, to avoid the risk of placing automated calls in violation of the TCPA, the burden is on defendants to "have a person make the first call…, then *switch to a predictive dialer after verifying that [the] cell number [is] still assigned to [the intended recipient]*." *Id*. at 642 (emphasis added). Accordingly, because Defendants' request hinges on immaterial and already adjudicated issues, the Court **denies** the alternative Motion to Stay this action.

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Defendants' Motion to Dismiss and **DENIES** the alternative motion to stay litigation. (Filing No. 50.) The Court specifically finds that Mays alleged Article III standing and that the issue before the Court will not be simplified by the D.C. Circuit opinion.

**SO ORDERED.**

Date: 9/1/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dara Chevlin Tarkowski
ACKERMAN LLP
dara.tarkowski@akerman.com

Jason P. Stiehl
AKERMAN LLP
jason.stiehl@akerman.com

Julian Dayal
AKERMAN LLP
julian.dayal@akerman.com

Jeffrey Hyslip
HYSLIP & TAYLOR, LLC, LPA
jeffrey@lifetimedebtsolutions.com

Mickey J. Lee
MCGINNIS WUTSCHER BEIRAMEE LLP
mlee@mauricewutscher.com